RECEIVED
AUG 1 0 2023
DEBORAH S. HUNT, Clerk

OFFICIAL COURT OF APPEALS CAPTION FOR 23-5553

GLENN D. ODOM, II

    Petitioner - Appellant

v.

SCOTT JORDAN, Warden

    Respondent - Appellee

# MOTION TO GRANT CERTIFICATE OF APPEALABILITY

## Introduction

This is a case where appellant was nineteen (19) years old with no prior felony convictions on the date of incident. Numerous crack addicts placed pills in appellant's beer and mouth to drug him for robbery. Prosecutor witnesses admitted that they, did in fact, continuously keep placing pills in appellant's mouth. Prosecution witnesses also testified that appellant and victim were agruing about the missing/stolen property of appellant. and that the victim ran toward appellant attacking/grabbing him to take appellant's gun — appellant then shot victim again.

Appellant begged counsel to present the case based on the facts of being drugged for robbery — which caused a semi-conscious state of mind and based on the agrument/attacking appellant grabbing him to take his gun, both scenarios demanded manslaughter or a lesser offense.

In return, counsel refused to interview all witnesses, asserted to the court that he and appellant had a conflict, and stood up during voir dire and told all jurors that appellant

does not deny murder 1st charge — appellant quickly objected.

Appellant was given a life sentence for manslaughter or involuntary manslaughter. No lesser offenses were placed in appellant's jury instructions.

Appellant does not wish to receive a new trial or to hold his trial counsel liable. Appellant only prays, and prays incessantly, that he be offered a plea deal for a reduced sentence. Appellant has been incarcerated for twenty (20) years.

## Importance of Issues

This court of appeals should hear this case because:
- The Magistrate stated appellant's (#1 issue below) is an "immense" and "prominent" claim;
- Certain issues have never been addressed in this circuit nor the U.S. Supreme Court;
- Certain issues need to be clarified by the U.S. Supreme Court because all circuits gave mixed/different standards;
- Appellant was sentence to life in prison for manslaughter or involuntary manslaughter.

## Issues intended for Appeal

1) Does a criminal defense lawyer render constitutionally ineffective assistance of counsel when he announces to all forty-three (43) jurors that his client does not deny a murder and assault charge — against the client's consent forcing the client to yell "objection" in open court.

2) Did the court apply the wrong law to determine conflict counsel:

**Specifically (1)** = Once a criminal defense lawyer notices a trial court that a conflict exist with his client what must a trial court do to ensure that a defendant fully understands that he is waiving conflict counsel;

**And (2)** = If, during trial, several major required functions of defense counsel are refused and abandoned due to said conflict does a trial court have a continuing obligation to further inquire into said conflict - and take action if new developements suggest the conflict has caused a complete breakdown.

3) Does a criminal defense lawyer render constitutionally ineffective assistance of counsel when he fails to object with preservation the trial court's error in denying the jury to question his client ( during testimony) as the trial court permitted the jury to question all the Commonwealth's witnesses.

4) Did the Magistrate, and District Court, abuse it's discretion by refusing to acknowledge/address Appellant's XIII (2) (refusal to interview/subpoena detective) claim and refusing to acknowledge/address Appellant's objections to such.

5) Did the court apply the wrong law to determine if a pro se defendant has a constitutional right to attend bench conferences, considering that hybrid counsel asserted a conflict with client.

pg 3

6) Did the district apply the wrong law to determine if the trial court was in error by allowing Appellant's unrelated Robbery conviction and escape charges to be placed in front of the jury.

7) Does a criminal defense attorney render constitutionally ineffective assistance of counsel when he fails to file critical pretrial motions ("Suppress" and "Dismiss").

8) Does a criminal defense attorney render constitutionally ineffective assistance of counsel when he refuses to interview and subpoena **all** witnesses for the defense.

9) Did the district Court apply the wrong law to determine perjury issues when a detective admits, during testimony at trial, that he was dishonest to a grand jury to obtain various indictments against Appellant.

August 8, 2023

Respectfully Submitted,

Glenn Odom, pro se
KY. State Penitentiary
266 Water Street
Eddyville, KY. 42038

**CERTIFICATION**

I hereby certify that a true copy of this Motion was mailed to the following by U.S. Mail on this 8th day of August 2023, postage pre-paid. Todd Ferguson, 1024 Capital Center Dr. Ste# 200, Frankfort, KY. 40601.

pg 4

Glenn Odom

Case: 23-5553    Document: 10    Filed: 08/10/2023    Page: 5



Glenn Odom #219489
KSP
266 Water Street
Eddyville, KY. 42038

United States Court of Appeals
100 E. Fifth Street, RM #540
Cincinnati, OH. 45202-3988

RECEIVED
AUG 10 2023
DEBORAH S. HUNT, Clerk

EVANSVILLE IN 476
8 AUG 2023 PM 1 L

45202-39888